IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| H&R BLOCK ENTERPRISES LLC,<br><br>               Plaintiff,<br><br>v.<br><br>CYNTHIA ODUM<br><br>               Defendant. | Case No. 16-CV-84 |

## FINAL JUDGMENT AND PERMANENT INJUNCTION

On February 2, 2016, Plaintiff H&R Block Enterprises LLC ("H&R Block") commenced this action by filing a Verified Complaint for Injunctive Relief and Damages against Defendant Cynthia Odum ("Defendant") asserting violations of, among other things, an Asset Purchase Agreement ("APA"). On March 14, 2016, on consent of the parties, this Court entered a Preliminary Injunction against Defendant. This matter is currently before the Court on the parties' Agreed Motion for Consent Permanent Injunction and Entry of Final Judgment. Having reviewed that Motion and the record in this case, and for good cause, the Court finds that the Motion should be and is hereby GRANTED.

NOW, THEREFORE, it is accordingly ORDERED, ADJUDGED AND DECREED that:

1. Defendant, her officers, agents, servants, employees, and attorneys, and all persons and entities in active concert or participation with them (including without limitation Inspired Financial Institute and Eurtis Henry to the extent that they qualify as any of the foregoing) (collectively, the "Enjoined Parties"), are permanently enjoined and ordered to refrain from directly or indirectly doing any of the following:

    a. Violating the terms of the APA, including the terms of all schedules thereto;

b. Through and until at least June 21, 2018, tolled for any periods of non-compliance and related litigation, from:

　i. engaging in the business of bookkeeping services, preparing income tax returns or offering electronic filing services, refund anticipation loans, related services, or any other services provided by H&R Block (a "Competitive Business") through a business office or location within a 50-mile radius of 11811 North Freeway, Suite 190, Houston TX 77060 (the "Noncompetition Territory"), including without limitation, 350 North Sam Houston East, Suite 101, Houston, TX 77060;

　ii. offering or providing the services of any Competitive Business to persons or businesses located in the Noncompetition Territory;

　iii. owning, managing, operating, controlling, participating in or being connected with or being interested in as an investor, creditor, manager, employee, volunteer, advisor, partner, shareholder, proprietor or otherwise, or providing services, advice or other assistance to, any person or entity engaged in a Competitive Business in the Noncompetition Territory;

　iv. concluding any sale to or transaction with any individual or entity who was, at any time during the two-year period prior to December 21, 2012, a client or customer of Defendant and/or Atrich Tax Service, or with any Clients identified on Schedule 1 of the APA (collectively, the "Nonsolicitation Clients"), or with any affiliate of any Nonsolicitation

2

Client, for the purpose of providing the services of any Competitive Business;

 v. soliciting, servicing, diverting or preparing any tax returns for any of the Nonsolicitation Clients or their affiliates regardless of whether such clients reside or are located within or outside the Noncompetition Territory;

 vi. calling upon any of the Nonsolicitation Clients or their affiliates for the purpose of soliciting or providing the services of any Competitive Business;

 vii. influencing or attempting to influence any of the clients of H&R Block or its affiliates to stop doing business with H&R Block or its affiliates, or otherwise adversely affecting the relationship of H&R Block or its affiliates with its clients;

 viii. soliciting or in any manner attempting to influence or induce any employee of H&R Block to leave H&R Block;

 ix. hiring current or former H&R Block employees; and

 x. otherwise disrupting, damaging, impairing or interfering with the business of the H&R Block or its affiliates.

 c. Using in any manner any and all nonpublic, proprietary or confidential information or trade secrets of H&R Block, and any and all purchased assets belonging to H&R Block, including without limitation, all Client lists, files and data in any form.

2. The Enjoined Parties shall, within seven (7) days of receiving notice of this Order, return to H&R Block any and all nonpublic, proprietary or confidential information or trade

secrets of H&R Block, and any and all purchased assets belonging to H&R Block, including without limitation, all client lists, files and data in any form.

3. Judgment in the amount of $68,000 is hereby entered in favor of H&R Block and against Defendant on its claims.

4. Defendant shall pay her own court costs and attorneys' fees.

5. All claims brought in this lawsuit by H&R Block and which could have been filed by Defendant in this suit are now fully disposed of by this Final Judgment and Permanent Injunction.

6. The terms of this Final Judgment and Permanent Injunction shall be immediately effective and enforceable as of the date and time indicated below, and shall remain in full force and effect absent further order of this Court.

7. This Court shall retain jurisdiction of this action for the purpose of enforcing compliance with or addressing any violations of the terms of this Final Judgment and Permanent Injunction, the parties' Settlement Agreement, and damage caused by same.

**IT IS SO ORDERED.**

Date: <u>April 22, 2016</u>  /s/ Nanette K. Laughrey_____
United States District Court Judge